# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>California Palms, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-40267 (JPG)<br><br>Judge John P. Gutafson |

### OBJECTION OF THE UNITED STATES TRUSTEE
### TO THE MOTION FOR AN ORDER AUTHORIZING THE SALE OF PROPERTY
### FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. § 363

Daniel M. McDermott, the United States Trustee for Region 9 ("United States Trustee"), by and through his undersigned counsel, hereby files this objection (the "Objection") to California Palms, LLC's ("Debtor") *Motion for an Order Authorizing the Sale of Property Free and Clear of Liens Pursuant to 11 U.S.C. § 363* (Docket No. 49) (the "Motion"). In support of this Objection, the United States Trustee respectfully states as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b); 28 U.S.C. §§ 157(a) and (b); and 28 U.S.C. § 151, and General Order No. 2012 entered on April 4, 2012 by the United States District Court for the Northern District of Ohio. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (B). The United States Trustee has standing to file this Objection pursuant to 11 U.S.C. § 307, and 28 U.S.C. § 586(a)(5).

2. Under 28 U.S.C. § 586, the United States Trustee is generally charged with monitoring the federal bankruptcy system. See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.), 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

3. Under section 307 of title 11 of the United States Code (the "Bankruptcy Code"), the United States Trustee has standing to be heard on the Motion and the issues raised in this Objection.

**Background**

4. On February 27, 2019 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. See Docket No. 1. Debtor continue to operate its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. On the Petition Date, Debtor filed its schedules (the "Schedules"). See Docket No. 1. On March 13, 2019, Debtor filed amended Schedules. See Docket No. 15. According to Debtor's Schedules, Debtor has $3.1 million of secured debtor and $99,390 of nonpriority unsecured debt. Id. Debtor has not filed a motion seeking the entry of an order setting a claims bar date. Therefore, parties in interest are unable to confirm whether Debtor's Schedules accurately reflects all of its creditors and liabilities.

6. On April 23, 2019, the Court entered the *Order Granting Motion of Pender Capital Asset Based Lending Fund I, L.P. For Determination that Debtor California Palms, LLC Bankruptcy Case is a Single Asset Real Estate Case Pursuant to Bankruptcy Code Section 101(51B)*. See Docket No. 50.

7. According to Debtor's *Resolution of the Board of Directors*, Sebastian Rucci is the sole member of Debtor. See Docket No. 1. Mr. Rucci is also the sole owner and officer of both California Palms Addiction Recovery Campus, Inc. ("CaliParc") and California Palms, Inc. (individually "California Palms" and jointly with CaliParc, "CaliParc/California Palms"), the proposed purchasers identified in the Motion. See Docket No. 49, *Declaration of Sebastian Rucci*, attached thereto.

8. On April 19, 2019, Debtor filed the Motion. The Motion seeks the entry of an order by the Court approving the sale of Debtor's real property located in Austintown, Ohio

(the "Property") to CaliParc/California Palms. Mr. Rucci is also the sole owner and officer of CaliParc and California Palms the proposed purchasers identified in the Motion. See Docket No. 49, *Declaration of Sebastian Rucci*, attached thereto.

9. Debtor states in the Motion that it and CaliParc/California Palms "entered into a contract to purchase the [P]roperty . . . for $3.7 million" (the "Contract"). See Docket No. 49, p. 14. However, Debtor has not filed a copy of the Contract with the Court. Therefore, parties in interest have not been provided notice of or an opportunity to review the terms of the Contract between Debtor and CaliParc/California Palms.

10. According to the Motion, the sale of the Property will be free and clear of all liens, claims, encumbrances and interests.

11. The Motion seeks a rapid sale process, calling for a closing date of May 6, 2019, which is approximately two weeks after the date Debtor filed the Motion. The record is non-existent as to what the Debtor has done regarding the marketing of the Property. There does not appear to be any effort by the Debtor to market or publicize the sale in order to prove that the Property will be sold for a fair and reasonable price.

12. The United States Trustee objects to the Motion based on a number of reasons including, but not limited to, the proposed sale is between parties that are controlled by one individual, Mr. Rucci; Debtor has not provided any evidence to support a finding by the Court that the proposed order is the highest and best offer; Debtor's lack of evidence regarding its marketing efforts to obtain the highest and best offer for the sale of the Property; and Debtor's failure to disclose the Contract.

## Objection

13. Section 363(b)(1) of the Bankruptcy Code permits a debtor-in-possession to sell property of the estate outside the ordinary course of business. 11 U.S.C. § 363. The debtor-in-possession bears the burden of proof to show that the sale is in the best interests of the creditors and the estate:

> The sale of assets which is not in the debtor's ordinary course of business requires proof that: (1) there is a sound purpose for the sale; (2) the proposed sale price is fair; (3) the debtor has provided adequate and reasonable notice; and (4) the buyer has acted in good faith. The element of 'good faith' is of particular importance as the Third Circuit made clear in In re Abbotts Dairies of Pennsylvania, Inc._, 788 F.2d 143, 149-50 (3d Cir. 1986)."

In re Exaris Inc._, 380 B.R. 741 (Bankr. Del. 2008) (some citations omitted).

14. Initially, the Court must determine that the proposed sale contemplated by Debtor's Motion will bring the best and highest price for the debtors' assets. Debtor must show that the assets have been fully marketed and that the sale is sufficiently publicized in order to prove that the assets will be sold for a fair and reasonable price. See In re Abbotts Dairies, Inc., 788 F.2d 143, 147 (3d Cir. 1986).

15. Debtor has not provided any facts upon which to base any findings by this Court with respect to the proposed sale, including but not limited to efforts to independently market and shop the Property. Debtor proposes to sell the Property free and clear of all liens, claims, encumbrances and interests. The Property is a discrete asset that most likely has a discrete audience. Therefore, the Debtor's sale efforts would only be enhanced if assisted by marketing and publicity.

16. Also, the speed at which Debtor proposes to sell the creates a risk that potential buyers will not have an opportunity to evaluate and investigate the Property to submit an

informed bid, thereby reducing competition for purchase of the Debtor's assets and, concomitantly, the proceeds to be realized from the sale of those assets.

17. In addition, Debtor has not disclosed neither the Contract nor the terms of the proposed sales transaction between Debtor and CaliParc/California Palms.

18. Based on the foregoing, the United States Trustee respectfully requests that the Court deny the Motion. The United States Trustee also asserts that to ensure the proposed sale involves a process that facilitates the highest and best offer Debtor should be directed to (i) file with the Court the Contract; (ii) market and publicize the sale of the Property; and (iii) establish a timeline to provide parties-in-interest with an opportunity to complete due diligence and submit a bid on the Property; and (iv) delay the proposed sale until the Court enters an order setting a bar date for the filing of claims.

19. The United States Trustee leaves the Debtor to its burden and reserves any and all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this objection, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

[Remainder of page intentionally left blank.]

19-40267-jpg    Doc 66    FILED 05/03/19    ENTERED 05/03/19 12:50:14    Page 5 of 7

WHEREFORE, for the reasons set forth above, the United States Trustee respectfully requests that the Court sustain the Objection and grant such other relief as the Court deems appropriate, fair and just.

Dated: May 3, 2019

Respectfully submitted,

**DANIEL M. MCDERMOTT**
**UNITED STATES TRUSTEE, REGION 9**

By: */s/ Tiiara N. A. Patton          .*
     Tiiara N. A. Patton (0081912)
     Trial Attorney
     United States Department of Justice
     Office of the United States Trustee
     Howard M. Metzenbaum U.S. Courthouse
     201 Superior Avenue E, Suite 441
     Cleveland, Ohio 44114
     Phone:    (216) 522-7800 ext. 250
     Fax:    (216) 522-7193
     Email:    tiiara.patton@usdoj.gov

## Certificate of Service

       I hereby certify that on May 3, 2019, a true and correct copy of the *Objection the United States Trustee to the Motion for an Order Authorizing the Sale of Property Free and Clear of Liens Pursuant to 11 U.S.C. § 363* was served upon the following in the manner indicated:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- Jeffrey Kurz    jeffkurz@hotmail.com, dc1095dt@yahoo.com
- Sebastian Rucci    SebRucci@gmail.com
- Ronald A. Spinner    spinner@millercanfield.com
- United States Trustee    (Registered address)@usdoj.gov
- Nancy A. Valentine    valentinen@millercanfield.com, waldroup@millercanfield.com
- Richard G. Zellers    zellersesq@gmail.com

                         By:    */s/ Tiiara N. A. Patton*   .
                                 Tiiara N. A. Patton (0081912)
                                 Trial Attorney
                                 United States Department of Justice
                                 Office of the United States Trustee
                                 Howard M. Metzenbaum U.S. Courthouse
                                 201 Superior Avenue E, Suite 441
                                 Cleveland, Ohio 44114
                                 Phone:    (216) 522-7800 ext. 250
                                 Fax:    (216) 522-7193
                                 Email:    tiiara.patton@usdoj.gov