IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | ) Case No. 19-40267-jpg |
| California Palms, LLC, | ) |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) Judge John P. Gustafson |

**OBJECTION OF PENDER CAPITAL ASSET BASED LENDING FUND I, L.P.
TO THE MOTION TO EXTEND TIME FOR WHICH THE DEBTOR
CAN FILE ITS PLAN OF REORGANIZATION [DOC. NO. 65]**

Pender Capital Asset Based Lending Fund I, L.P. ("Respondent") hereby files its objection (the "Objection") to *Debtor's Motion to Extend Time for Which the Debtor Can File Its Plan of Reorganization* [Doc. No. 65] (the "Motion") because Debtor already has filed an unconfirmable plan, as implicitly acknowledged by the Motion. Debtor also has filed a sale motion to sell its assets to an insider, claiming that Debtor could close the sale on May 6, 2019, which clearly could not occur. Each of these filings required Debtor or Debtor's affiliates to have new financing and actual income, among other requirements. These filings also all require a response by Pender, creating significant costs. Neither the plan nor the proposed sale appears to be likely in any reasonable time frame.

Section 362(d)(3)[1] was added as part of the 1994 amendments to the Bankruptcy Code. The provision's purpose is to impose an expedited time frame for filing a plan in a single asset real estate case. Congress was concerned about the delay in the bankruptcy process and the resulting unfairness to secured lenders when single asset real estate projects were involved. *See,*

---

[1] Unless otherwise indicated, all section references are to the current version of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and all rule references are to the current Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

*e.g., In re Archway Apartments, Ltd.*, 206 B.R. 463, 464–65 (Bankr. M.D. Tenn. 1997) (*citing In re Kkemko,* 181 B.R. 47, 49 (Bankr. S.D.Ohio, 1995).

> Although technically the court may condition or modify the stay rather than terminate it, it appears that the legislative intention was to terminate the stay when the debtor neither proposes a viable plan or makes payments to the secured party. A court should refuse to terminate stay only when there is a strong reason for offering lesser relief.

3 COLLIER ON BANKRUPTCY ¶ 362.07[5][b] (Richard Levin & Henry J. Sommer eds., 16th ed.) (citing *Nations Bank, N.A. v. LDN Corp. (In re LDN Corp.)*, 191 B.R. 320-326-27 (Bankr. E.D. Va. 1996) for the quote "The court views relief under section 362(d)(3) to be mandatory where its provisions are to be strictly complied with.")

This is the classic case for this provision. Debtor has made no payments to Respondent[2] since the closing of the loan in March 2018 and has admitted it has had no income since the filing of this chapter 11 case. Similarly, Debtor's principal admitted at the 341 Meeting that Debtor's tenant has only received actual cash of $30,000 or less since January 1, 2019.

Debtor should not be permitted to continue to obtain delay at no cost in violation of the Congressional mandate of section 362(d)(3). Debtor must either (a) file a chapter 11 plan that has a "reasonable possibility of being confirmed" or (b) commence payments monthly payments to Respondent – in this case $46,666.67 – as required under 362(d)(3). As evidenced by the initial plan filing, the filing of a sale motion, and now the Motion, Debtor is unable to file such a plan or make such payments. Debtor has offered no justification for an extension of the section

---

[2] As provided in the *Appendix to (I) Motion of Pender Capital Asset Based Lending Fund I, L.P. (A) to Dismiss this Chapter 11 Proceeding for Cause; or, in the Alternative, (B) for Relief from the Automatic Stay; and (II) Motion of Pender Capital Asset Based Lending Fund I, L.P. for Determination that Debtor California Palms, LLC Bankruptcy Case is a Single Asset Real Estate Case Pursuant to Bankruptcy Code Section 101(51B)* (the "Appendix"), [Doc. No. 22], Tab 6, Stipulation, Respondent applied monies received from the title company that closed the loan and those monies held in escrow or holdback accounts since closing in the amount of $475,000.

2

362(d)(3) deadlines other than its inability to comply with them, and the delay in this case is exactly what Congress attempted to prevent in single asset real estate cases.

In further support of its Objection, Respondent states as follows:

1. Debtor has offered no justification for it to be permitted to remain in this chapter 11 proceeding and deny Respondent payments under section 362(d)(3).

2. Debtor's Motion implicitly concedes that the chapter 11 plan it filed with its petition does not have a reasonable possibility of being confirmed. One of the many bases for relief from stay or dismissal of this chapter 11 case advanced by Respondent is that Debtor cannot confirm a chapter 11 plan. If Debtor has a viable plan to propose, Debtor must file it by May 28.

3. Additionally, Debtor recently filed a sale motion that, beyond being objectionable in and of itself for many reasons, suggests Debtor intends to proceed with a sale in a manner very different than that proposed in its original chapter 11 plan. *Compare Debtor's Plan of Reorganization* ("Plan," Doc. No. 2), Art. 7.1, p. 15 (contemplating refinancing of the Debtor's sole asset) *with Motion for an Order Authorizing the Sale of Property Free and Clear of Liens Pursuant to 11 U.S.C. § 363* ("Sale Motion," Doc. No. 49) (proposing to sell Debtor's sole asset to insiders). Debtor needs to make up its mind how it wishes to proceed—and quickly, given the deadline imposed by section 362(d)(3).

4. In the meantime, Debtor and its affiliate and tenant California Palms Addiction Recovery Campus, Inc. ("CaliParc") continue to claim that millions of dollars are around the corner without providing any evidence that is the case and while conceding that neither Debtor nor CaliParc have any current income.

3

5. Even if this Court should extend the period by which Debtor must file an amended chapter 11 plan that has a "reasonable possibility of being confirmed," the extension must be conditioned on timely adequate protection payments being made pursuant to section 362(d)(3)(B)(iii).[3]

6. Importantly, Debtor has conceded that it received an extension of credit from Respondent, Respondent's loan matured in March 2019, and Respondent's extension of credit is unpaid. Debtor also has conceded that Respondent has a valid and existing mortgage against the real estate and improvements that are its only asset. Respondent has met its burden under Section 362(d)(3).

7. Respondent advanced a loan in the original principal amount of $4,000,000. Appendix, Tab 1, Note, p. 1 and Tab 8, Acknowledgment. The interest rate under the Note is undisputed and is 14%. *Id.*, Tab 1, Note. The statute requires monthly payments equal to the non-default contract rate of interest on the value of the creditor's interest in the property. *In re RYYZ, LLC*, 490 B.R. 29, 46 (Bankr. E.D.N.Y. 2013) (citing 11 U.S.C. § 362(d)(3)(B)(ii) and noting Debtor could not make statutory payments within the time period, justifying relief from stay, and noting that Debtor's valuation justified a payment higher than offered).

8. Here Debtor claims a valuation of Debtor's only asset of not less than $9 million. As a result, the interest only payment at the regular contract rate of interest should not be less than $46,666.67, which is the non-default contract rate on the $4,000,000 principal balance of the loan. These payments must commence not later than May 28, 2019.

---

[3] Of course, if the Debtor were to make the required payments, the Court would have no need to act in the first place.

9. Respondent has made such demand to Debtor.[4]

10. Debtor's breathing room is through and including May 28, 2019. Section 362(d)(3)'s requirements were put in place to ensure that SARE cases move quickly and expeditiously, are to be strictly enforced, and are without regard to whether Debtor has equity in the property in question. *See, e.g., In re RYYZ, LLC*, 490 B.R. 29, 36 (Bankr. E.D.N.Y. 2013) (granting relief from stay because of the debtor's inability to meet the requirements of section 362(d)(3) noting, among other reasons present in the debtor's case, that there was virtually no chance a plan could be confirmed under Section 1129).

11. Debtor has provided no justification for further delay of Respondent's secured creditor rights.

WHEREFORE, for the reasons set forth above, Respondent respectfully requests that this Court enter an order sustaining the Objection and granting such other relief as the Court deems appropriate, fair, and just.

Dated: May 7, 2019

Respectfully submitted,

*/s/ Nancy A. Valentine*
Nancy A. Valentine (0069503)
Miller Canfield Paddock & Stone, PLC
1100 Superior Avenue East, Suite 1750
Cleveland, Ohio 44114
(216) 716-5044 (company)
(216) 716-5043 (fax)
valentinen@millercanfield.com

---

[4] Debtor has made a counteroffer on an adequate protection payment; but, even if such amount were reasonable or appropriate, Debtor has not offered to commence payments by May 28, 2019.

5

and

Ronald A. Spinner (Michigan P73198) (pro hac)
150 West Jefferson, Suite 2500
Detroit, MI 48226
Phone: (313) 496-7668
Fax: (313) 496-7500
spinner@millercanfield.com

*Attorneys for Pender Capital Asset Based
Lending Fund I, L.P.*

# CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2019, a true and correct copy of the foregoing *Objection of Pender Capital Asset Based Lending Fund I, L.P. to the Motion to Extend Time for Which the Debtor Can File Its Plan of Reorganization [Doc. No. 65]* was served upon the following in the manner indicated:

<u>Via the Court's Electronic Case Filing System:</u>

- Jeffrey Kurz    jeffkurz@hotmail.com, dc1095dt@yahoo.com
- Sebastian Rucci    SebRucci@gmail.com
- Ronald A. Spinner    spinner@millercanfield.com
- United States Trustee    (Registered address)@usdoj.gov
- Nancy A. Valentine    valentinen@millercanfield.com, waldroup@millercanfield.com
- Richard G. Zellers    zellersesq@gmail.com
- Tiiara N. A. Patton ust401    tiiara.patton@usdoj.gov

and by first-class, U.S. mail, postage prepaid, on the following as listed on the Debtor's list of its 20 largest unsecured claims:

| | | |
|---|---|---|
| Hypercore<br>P.O. Box 840964<br>Dallas, TX 75284-0964 | Law Office of Jeff Kurz<br>42 N. Phelps Street<br>Youngstown, OH 44503-1130 | Vonage Business<br>3200 Windy Hill Rd, St 200<br>East Atlanta, GA 30339-5640 |
| AT&T<br>P.O. Box 5019<br>Carol Stream, IL 60197-5019 | Law Off Robert Schuerger<br>81 S. 5th Street, Suite 400<br>Columbus, OH 43215-4323 | Ohio Edison<br>76 S. Main Street<br>Akron, OH 44308-1817 |
| Youngstown Water Dept.<br>P.O. Box 6219<br>Youngstown, OH 44501-6219 | Dominion Energy<br>P.O. Box 26785<br>Richmond, VA 23261-6785 | Law Office of James Vitullo<br>5232 Nashua Drive<br>Austintown, OH 44515-5122 |
| Ohio Bureau of Workers'<br>Compensation<br>Legal Division/Bankruptcy<br>Unit<br>PO Box 15567<br>Columbus, OH 43215-0567 | Ohio Edison<br>5001 NASA Blvd<br>Fairmont WV 26554 | Daniel R. Yemma<br>Mahoning County Treasurer<br>120 Market Street<br>1st Floor<br>Youngstown, OH 44503 |

*/s/ Nancy A. Valentine*
Nancy A. Valentine (0069503)
*One of the Attorneys for Pender Capital Asset Based Lending Fund I, L.P.*

33573097.2\157569-00001

8