IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | ) Case No. 19-40267-jpg |
| | ) |
| California Palms, LLC, | ) |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) |
| | ) Judge John P. Gustafson |

**OBJECTION OF PENDER CAPITAL ASSET BASED LENDING FUND I, L.P.
TO THE MOTION FOR AN ORDER AUTHORIZING THE SALE OF PROPERTY
FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. § 363 [DOC. NO. 49]**

Pender Capital Asset Based Lending Fund I, L.P. ("Respondent") hereby files its objection (the "Objection") to Debtor's *Motion for an Order Authorizing the Sale of Property Free and Clear of Liens Pursuant to 11 U.S.C. § 363* [Doc. No. 49] (the "Motion"). In support of this Objection, Respondent incorporates by reference as if fully restated herein the *Objection of the United States Trustee to the Motion for an Order Authorizing the Sale of Property Free and Clear of Liens Pursuant to 11 U.S.C. § 363* [Doc. No. 66] ("UST Objection"). Debtor has not and cannot meet the requirements of the Sixth Circuit that a sale of its Property[1] as proposed under section 363(b)[2] is based upon a sound business purpose. *Stephens Indus., Inc. v. McClung,* 789 F.2d 386, 390 (6th Cir.1986). The terms of the proposed sale must reflect the highest and best offer for the Debtor's property, confirm that negotiations were conducted at arm's length, confirm whether the sale is in the best interest of the estate and its creditors and establish (as Debtor concedes) the sale is in good faith. *Id.; In re Abbotts Dairies, Inc.*, 788 F.2d

---

[1] Unless otherwise indicated, all capitalized terms have the same meaning as set forth in the UST Objection (as defined herein).

[2] Unless otherwise indicated, all section references are to the current version of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and all rule references are to the current Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

143, 147 (3d Cir. 1986). Only if a proposed sale satisfies those factors does it become necessary or appropriate for the Court to determine whether a bona fide dispute exists or some other provision of section 363(f) permits Debtor to sell the Property free and clear of Respondent's lien.

As the United States Trustee clearly states in its Objection, and as Respondent further objects (i) the proposed sale is a private sale on extremely short notice[3], (ii) the sale is to insiders[4] of the Debtor that are all controlled by Sebastian Rucci, a guarantor of the obligations owed to Respondent, (iii) there is no evidence of marketing or publicity for the sale of Debtor's Property by Mr. Rucci, by a third-party broker, or by an investment banker, (iv) the proposed sale provides zero recovery for other creditors of Debtor, if any, while Mr. Rucci and his affiliates retain the alleged equity in Debtor's Property, (v) the terms and conditions of such sale are not provided in the Motion or by attachment of the Contract, and (vi) the ability to purchase the Debtor's real property assets by its insiders relies upon "financing" and there is no evidence such financing actually exists. For all of these reasons, and others, the transaction lacks evidence of good faith and should be closely scrutinized given it is a private sale to insiders with the only negotiator being Sebastian Rucci. *In re Exaris Inc.,* 380 B.R. 741 (Bankr. Del. 2008). As a practical matter this proposed sale blatantly seeks to pay Respondent a discounted amount due under its Note and is nothing more than disguised take-out financing packaged in a misuse of section 363.

---

[3] While the Court issued a notice of hearing on the Motion, Debtor is still required under Rule 2002(a)(2) and (c) and 6004 to issue a notice of the Motion providing at least 21 days' notice. Notice was not prepared and issued. More importantly, the Motion claimed it would close on the sale of the Property on May 6, 2018, which date has passed.

[4] The proposed purchasers in this instance fit squarely within the definition of insider under the Bankruptcy Code. 11 U.S.C. §101(31).

Even if Debtor could clear the hurdles set forth by the Sixth Circuit, the Debtor would still lack authority under section 363(f) free and clear of liens. Debtor has conceded Respondent has a first priority mortgage in all of Debtor's property, concedes that monies were advanced under the Note, and concedes that such obligations are enforceable against Debtor's property.[5] A dispute as to the amount due is not a "bona fide dispute" under section 363(f)(4).[6] A "bona fide dispute" exists under § 363(f)(4) when there is an objective basis for either factual or legal dispute as to the validity of an interest in property. *In re Gaylord Grain, L.L.C.,* 306 B.R. 624 627–28 (B.A.P. 8th Cir.2004); *see also In re Downour*, No. 06-30854, 2007 WL 963258, at *1 (Bankr. N.D. Ohio Mar. 28, 2007) (*quoting Gaylord*). There is no such dispute here and thus there is no basis for a free and clear sale pursuant to section 363(f).

In further support of its Objection, Respondent states as follows:

*A.*  *Debtor Has the Burden to Show the Proposed Sale Is in the Best Interests of Creditors and the Estate and Has Not Met this Burden.*

1. Section 363(b)(1) of the Bankruptcy Code permits a debtor in possession to sell property of the estate outside the ordinary course of business. 11 U.S.C. § 363. The debtor in possession bears the burden of proof to show that the sale is in the best interests of the creditors and the estate:

---

[5] Debtor concedes these points in all of its filings before this Court. Nevertheless, Respondent has identified in its numerous motions, replies and objections that the validity, enforceability, priority and extent of its lien is not in dispute. Additionally, Respondent is not going to revisit the allegations in the Motion having responded to such allegations in multiple filings pending before this Court. *See* Bankruptcy Docket Nos. 11, 20, 21, 22, 48 and 71; Adversary Proc. 19-04010, Docket Nos. 9 and 11.

[6] As set forth in multiple filings before this Court, Respondent contends that the amount due and owing is not in dispute in any event. More importantly, and should the Court find Respondent is due the amounts as claimed by Respondent, an approval of this Motion provides Respondent with zero recourse as there are no sale proceeds for Respondent to attach to after approval of this Motion.

3

> The sale of assets which is not in the debtor's ordinary course of business requires proof that: (1) there is a sound purpose for the sale; (2) the proposed sale price is fair; (3) the debtor has provided adequate and reasonable notice; and (4) the buyer has acted in good faith. The element of 'good faith' is of particular importance as the Third Circuit made clear in *In re Abbotts Dairies of Pennsylvania, Inc.,* 788 F.2d 143, 149-50 (3d Cir. 1986).

*In re Exaris Inc.,* 380 B.R. 741 (some citations omitted); *see also Stephens Indus., Inc.,* 789 F.2d at 390.

2. Debtor must establish for the Court that the Property is being sold for the highest and best price. Debtor also must establish that the assets have been fully marketed and the sale is sufficiently publicized to prove that the assets will be sold for a fair and reasonable price. *See In re Abbotts Dairies, Inc.*, 788 F.2d 143, 147 (3d Cir. 1986); *In re Country Manor of Kenton, Inc.*, 172 B.R. 217, B.R. 222 (Bankr. N.D. Ohio 1994) (declining to approve a sale where the purchase price was inadequate and below its value and the good faith tests for requirements of sale were not met).

3. Debtor seeks to have a private sale, eliminating any opportunity for Respondent to credit bid, reducing the obligation owed to Respondent, and avoiding the requirement of having to market its Property to potential third party buyers.

4. Additionally, Debtor has not provided 21 days' notice of the hearing on this Motion as required by the Rules 2002(a)(2) and 6004(a).

5. The proposed sale is inconsistent with the value Debtor places upon the Property. The purchase price would not pay any other creditors of Debtor's estate and leaves Debtor with no assets. For example, the State of Ohio Department of Taxation has filed a proof of claim alleging that Debtor and Debtor's predecessor, California Palms, Inc., the potential buyer under the Motion, owes substantial sales and employee withholding taxes.

6. The terms and conditions of the proposed sale of Property are completely absent, except that the proposed sale requires the potential purchasers to have financing. There is no evidence that financing exists and whether the potential purchasers would be financially capable of closing the proposed sale.[7]

7. The sale proposed in the Motion is nothing more than a disguised and forced take-out financing of Respondent. It is a disguised attempt to extend the terms of the Settlement Agreement between Respondent and Debtor and its affiliates without Respondent's consent. Debtor and its affiliates have now had nearly four additional months to obtain take-out financing of Respondent to no avail.

8. Debtor has not met its burden to show there is a sound business purpose for a private sale to insiders.

B. *Debtor Has Not Provided Evidence of Good Faith.*

9. The element of good faith is of particular importance when a bankruptcy court authorizes a sale of assets. *In re Abbotts Dairies of Pennsylvania, Inc.,* 788 F.2d 143, 149-50 (3d. Cir. 1986). To the extent a sale is to insiders of a debtor higher scrutiny is warranted. *See, e.g., In re Med. Software Sol'ns*, 286 B.R. 431, 439-40 (Bankr. D. Utah 2002); *In re Penn. Truck Lines,*

---

[7] Debtor did provide a letter from Newtek for a potential loan of $4.4 million guaranteed by the SBA subject to various contingencies and other terms and conditions, *e.g.,* a deposit, a satisfactory Phase I Environmental Report, Medicare/Medicaid approval, a new lease with CaliParc for the 25 year term of the loan, certification from the Ohio Mental Health and Addiction Services Board (the current license is temporary), and an extension of the maturity date on Respondent's Note "being refinanced," among other requirements. Most importantly, the letter notes that the "Approval" of the loan is prior to any approval of the SBA of the SBA Guaranty of the loan so an SBA Authorization has to be obtained before any loan closing can occur and the SBA and NewTek may require yet more due diligence before any loan can close. All of the requirements in the letter were to be provided by April 29, 2019, and the loan was to close by May 6, 2019, so it is expired on its face. It also is unclear from the letter whether NewTek is aware of Debtor's bankruptcy filing. Respondent has no information regarding whether Debtor provided the requested information, the status of this potential financing at this time, whether the letter was extended, or the status of SBA's authorization. Suffice it to say, this financing can at best be described as contingent.

5

*Inc.,* 150 B.R. 595, 600 (E.D. Pa. 1992), *aff'd,* 8 F.3d 812 (3d Cir. 1993) (greater scrutiny to insider agreements is warranted); *In re Drexel Burnham Lambert Group, Inc.,* 134 B.R. 493, 497 (Bankr.S.D.N.Y.1991) ("We subjected the agreement to closer scrutiny because it was negotiated with an insider…"); *In re Alma Energy, LLC*, No. CIV. 10-80-ART, 2010 WL 4736905, at *5 (E.D. Ky. Nov. 16, 2010) (the bankruptcy court must subject the dealings between an insider and a debtor to closer scrutiny) (collecting cases).

10. Debtor essentially negotiated a deal with itself, *i.e.,* Mr. Rucci negotiated a deal for CaliParc and California Palms with Debtor, on behalf of Debtor. The terms of the deal negotiated amongst Debtor and its affiliates solely by Mr. Rucci are not disclosed and the only evidence of financing is at best contingent.

11. The alleged deal asks this Court to determine the amount due and owing to Respondent and have that amount paid to Respondent as full satisfaction of the Debtor's obligation to Respondent, which would essentially release Mr. Rucci from his guaranty obligation.

12. The proposed purchase price is significantly below the value attributed to the Property by Debtor, provides zero recovery for any other creditor, if any, of Debtor, and leaves all the equity in the possession of Mr. Rucci.

13. In *In re Exaris Inc.*, the debtor and creditors' committee sought to have a sale to an insider approved. The Court declined to approve the sale, noting there was no evidence of good faith because the deal was not negotiated at arm's-length, showed no evidence of any marketing, was on a shortened notice, among other factors, precluding a finding of good faith on the part of the insider/purchaser. *In re Exaris, Inc.,* 380 B.R. at 745-46.

14. This scenario is worse than the circumstances in *Exaris*. There were no negotiations as Debtor negotiated with itself; there was zero marketing; the price is a third of the value alleged by Debtor; no auction is proposed; there is no information regarding the terms and reality of the proposed sale or required financing to close the sale; and it is unclear whether any proposed lender understands the complications to a closing. This Court does not have the requisite evidence to approve such a sale.

C. *Even if the Court Finds a Sound Business Purpose for This Sale, Debtor Cannot Meet the Requirements of Section 363(f).*

15. Section 363(f) provides that,

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if--
>
> > (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> >
> > (2) such entity consents;
> >
> > (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> >
> > (4) such interest is in bona fide dispute; or
> >
> > (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C.A. § 363 (West).

16. The Debtor has not argued that it has satisfied the requirements of subsections 363(f)(1), (2), and (5).

17. There is no bona fide dispute here. A dispute as to the amount due is not a "bona fide dispute" under section 363(f)(4). A "bona fide dispute" exists under § 363(f)(4) when there is an objective basis for either factual or legal dispute as to the validity of an interest in property. *In re Gaylord Grain, L.L.C.*, 306 B.R. 624 627–28 (B.A.P. 8th Cir.2004); *see also In re*

7

*Downour*, No. 06-30854, 2007 WL 963258, at *1 (Bankr. N.D. Ohio Mar. 28, 2007) (*quoting Gaylord*).

18. In the instant case, Debtor concedes in its own filings that Respondent has a first priority mortgage lien securing the amounts due and owing to it under the Note. There is no dispute regarding the validity of Respondent's interests in the Property or the enforceability of the Note. Additionally, Debtor claims the Property is worth in excess of $9,000,000.00. As such, Debtor cannot obtain approval of the sale that is worth less than the aggregate value of all liens. 11 U.S.C. §363(f)(3). *See, e.g., In re Pabell Rubber Products, Inc.,* 149 B.R. 475, 479 (Bankr.N.D.Ohio 1992); *In re Beker Indus. Corp.*, 63 B.R. 474 (Bankr. S.D.N.Y. 1986)

19. As a practical matter, if the Court allows the sale of the Property as proposed, and Respondent subsequently establishes to the satisfaction of this Court that the value of the lien (and other liens and claims) are greater than the sale price, such lienholders and other claimants have no recourse because there are no additional sale proceeds for Respondent's lien (or any other liens) to attach despite alleged and substantial greater value of and in the Property. Similarly, Respondent does not even have the protection of credit bidding at an actual auction in this case.

20. Without any sound business purpose, the result of an approval of the proposed sale for other unsecured creditors (and Respondent if the Court finds it has a deficiency claim), *e.g.,* Ohio Edison, Mr. Kurz, the Ohio Department of Taxation, is a zero recovery. In fact, and given the proposed sale price, Mr. Rucci and Debtor's insider affiliates retain the alleged equity in the Property while creditors are left with unpaid liens and claims.

8

19-40267-jpg    Doc 75    FILED 05/10/19    ENTERED 05/10/19 16:38:16    Page 8 of 11

WHEREFORE, for the reasons set forth above, Respondent respectfully requests that this Court enter an order sustaining the Objection, denying the Motion and granting such other relief as the Court deems appropriate, fair, and just.

Dated: May 10, 2019

Respectfully submitted,

*/s/ Nancy A. Valentine*
Nancy A. Valentine (0069503)
Miller Canfield Paddock & Stone, PLC
1100 Superior Avenue East, Suite 1750
Cleveland, Ohio 44114
(216) 716-5044 (company)
(216) 716-5043 (fax)
valentinen@millercanfield.com

and

Ronald A. Spinner (Michigan P73198) (pro hac)
150 West Jefferson, Suite 2500
Detroit, MI 48226
Phone: (313) 496-7668
Fax: (313) 496-7500
spinner@millercanfield.com

*Attorneys for Pender Capital Asset Based Lending Fund I, L.P.*

# CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2019, a true and correct copy of the foregoing *Objection of Pender Capital Asset Based Lending Fund I, L.P. to the Motion for an Order Authorizing the Sale of Property Free and Clear of Liens Pursuant to 11 U.S.C. § 363 [Doc. No. 49]* was served upon the following in the manner indicated:

<u>Via the Court's Electronic Case Filing System:</u>

- Jeffrey Kurz    jeffkurz@hotmail.com, dc1095dt@yahoo.com
- Sebastian Rucci    SebRucci@gmail.com
- Ronald A. Spinner    spinner@millercanfield.com
- United States Trustee    (Registered address)@usdoj.gov
- Nancy A. Valentine    valentinen@millercanfield.com, waldroup@millercanfield.com
- Joshua Ryan Vaughan    jvaughan@amer-collect.com, SAllman@AMER-COLLECT.COM;rschroeter@amer-collect.com;HouliECF@aol.com
- Richard G. Zellers    zellersesq@gmail.com
- Tiiara N. A. Patton ust401    tiiara.patton@usdoj.gov

and by first-class, U.S. mail, postage prepaid, on the following as listed on the Debtor's list of its 20 largest unsecured claims:

| | | |
|---|---|---|
| Hypercore<br>P.O. Box 840964<br>Dallas, TX 75284-0964 | Law Office of Jeff Kurz<br>42 N. Phelps Street<br>Youngstown, OH 44503-1130 | Vonage Business<br>3200 Windy Hill Rd, St 200<br>East Atlanta, GA 30339-5640 |
| AT&T<br>P.O. Box 5019<br>Carol Stream, IL 60197-5019 | Law Off Robert Schuerger<br>81 S. 5th Street, Suite 400<br>Columbus, OH 43215-4323 | Ohio Edison<br>76 S. Main Street<br>Akron, OH 44308-1817 |
| Youngstown Water Dept.<br>P.O. Box 6219<br>Youngstown, OH 44501-6219 | Dominion Energy<br>P.O. Box 26785<br>Richmond, VA 23261-6785 | Law Office of James Vitullo<br>5232 Nashua Drive<br>Austintown, OH 44515-5122 |
| Ohio Bureau of Workers' Compensation<br>Legal Division/Bankruptcy Unit<br>PO Box 15567<br>Columbus, OH 43215-0567 | Ohio Edison<br>5001 NASA Blvd<br>Fairmont WV 26554 | Daniel R. Yemma<br>Mahoning County Treasurer<br>120 Market Street<br>1st Floor<br>Youngstown, OH 44503 |

Ohio Department of Taxation
Bankruptcy Division
P.O. Box 530
Columbus, OH 43216

                                     */s/ Nancy A. Valentine*
                                     Nancy A. Valentine (0069503)
                                     *One of the Attorneys for Pender Capital Asset Based Lending Fund I, L.P.*

33591015.4\157569-00001