# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | ) Case No. 19-40267-jpg |
| | ) |
| California Palms, LLC, | ) |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) Judge John P. Gustafson |
| | ) |
| | ) Property Address and Parcel No.: |
| | ) Parcel No. 48-042-0-063.000 |
| | ) 1051 N. Canfield Niles Rd., Austintown, |
| | ) Ohio (aka 5455 Clarkins Drive, Austintown |
| | ) Township, Ohio) |

## MOTION OF PENDER CAPITAL ASSET BASED LENDING FUND I, L.P. FOR REMAND OF REMOVED CASE NUMBER 2018-CV-01015 TO MAHONING COUNTY COURT, STATE OF OHIO

Pender Capital Asset Based Lending Fund I, L.P. ("Pender") moves (the "Motion") this Court for an order remanding Case Number 2018-CV-01015 to the Mahoning County Court, State of Ohio, from which it was removed. The case was commenced by the Debtor and its sole member, Sebastian Rucci ("Rucci," and collectively with the Debtor, the "State Court Plaintiffs"), over a year ago on April 19, 2018 (the "Foreclosure Action"). But, the Foreclosure Action was settled in November of 2018 (notwithstanding the State Court Plaintiffs' subsequent breach of that settlement). Removal of the Foreclosure Action to this Court thus makes no sense, as there is nothing of substance further to litigate in the Foreclosure Action other than enforcement of the settlement agreement.

Attached to the Notice of Removal is the stipulation of settlement. (Doc. No. 88-4.). And further, judgment has been entered in the Foreclosure Action against Rucci. (Doc. No. 88-7.) The only thing left to do in the Foreclosure Action, other than to initiate collection activities, is to enter judgment against the Debtor (currently stayed by the Debtor's bankruptcy case) and its

affiliate, California Palms Addiction Recovery Campus, Inc ("CaliPARC"). The Notice of Removal filed by the State Court Plaintiffs represents nothing more than their latest attempt to re-litigate previously settled issues.

For the reasons set forth in the Memorandum in Support, the Foreclosure Action should be remanded because grounds exist for permissive abstention and equitable remand.

Dated: June 3, 2019

Respectfully submitted,

*/s/ Nancy A. Valentine*
Nancy A. Valentine (0069503)
Miller Canfield Paddock & Stone, PLC
1100 Superior Avenue East, Suite 1750
Cleveland, Ohio 44114
(216) 716-5044 (company)
(216) 716-5043 (fax)
valentinen@millercanfield.com

and
Todd Holleman (0080070)
Ronald A. Spinner (Michigan P73198) (pro hac)
150 West Jefferson, Suite 2500
Detroit, MI 48226
Phone: (313) 496-7668
Fax: (313) 496-7500
holleman@millercanfield.com
spinner@millercanfield.com

*Attorneys for Pender Capital Asset Based Lending Fund I, L.P.* and *Pender Capital, Inc.*

# MEMORANDUM IN SUPPORT

## I. Introduction

The State Court Plaintiffs filed the Foreclosure Action against Pender over a year ago in the Mahoning County Court of Common Pleas for the State of Ohio ("State Court"). The State Court Plaintiffs were the stewards of their own ship and opted to seek relief in State Court. Now, they seek to remove the Foreclosure Action to this Court even though it is all but complete. Indeed, final judgment has been entered against Rucci individually. The State Court Plaintiffs appear merely to be trying to evade the outcome of their ill-advised lawsuit in the state court (namely, the Foreclosure Action) bankruptcy filings. Equity requires that the Foreclosure Action, specifically post judgment collections against Rucci, proceed in Ohio State Court.

## II. Statement of Facts

The State Court Plaintiffs filed the Foreclosure Action in State Court against Pender approximately thirteen months ago. Pender responded with counterclaims and third-party claims against the State Court Plaintiffs and CaliPARC. From April to November 2018, the parties to the Foreclosure Action filed numerous pleadings and engaged in substantial discovery. Ultimately, the parties settled the Foreclosure Action. On November 8, 2018, the State Court Plaintiffs, along with CaliPARC and Pender, executed a settlement agreement resolving all issues related to the loan and the Foreclosure Action. In connection with the settlement agreement, the parties executed numerous documents, including the Stipulation and Agreed Order Regarding Settlement Agreement, Motion to Appoint Receiver, Pender's Fees, and Escrows and Holdbacks, which order was entered by the Honorable Judge John M. Durkin on November 14, 2018 ("Stipulated Order," Doc. No. 88-4).

On January 31, 2019, the State Court Plaintiffs and CaliPARC breached the settlement agreement by failing to (1) pay the settlement payment that was then due and owing, or, in the

alternative, (2) pay the second extension fee to extend the payment deadline to February 28, 2019. Pender thus sought entry of the Agreed Judgment and Decree of Foreclosure ("Foreclosure Judgment") and Stipulated Order Appointing Receiver ("Receiver Order," and collectively with the Foreclosure Judgment, the "Orders") by the State Court in the Foreclosure Action, as agreed to in the settlement agreement and as contemplated by the Stipulated Order. Stipulated Order, ¶ E ("[I]f they do not, Plaintiffs and CPARC have agreed to entry of an Order Appointing Receiver and an Agreed Judgment Entry and Decree of Foreclosure (collectively, the 'Order and Judgment' in this action and to cooperate in its submission to this Court).". The State Court issued a Notice of Assignment on February 12, 2019, which notified the parties that the State Court was scheduling a non-oral hearing on Pender's request to enter the Orders for February 28, 2019. It is no coincidence that Debtor filed its Petition on February 27, 2019, the day before the State Court's non-oral hearing and anticipated ruling.

On March 1, 2019, Pender filed a Notice of Bankruptcy Filing and Motion for Case to Continue against Plaintiff/Counter-Defendant Guarantor Sebastian Rucci. Between March 1, 2019, and May 10, 2019, multiple briefs were filed by Pender and Rucci in the Foreclosure Action regarding the entry of monetary judgment against Rucci, individually, as guarantor. On May 21, 2019, the State Court entered judgment on the guaranty against Rucci, individually, in the amount of $4,170,000.00 plus interest at 22.0% per annum from and after October 1, 2018. ("Judgment," Doc. No. 88-7).

On May 28, 2019, seven (7) days after the Judgment was entered against Rucci in the Foreclosure Action, the State Court Plaintiffs and CaliPARC filed their Notice of Removal [Doc. No. 88]. On May 31, 2019, this Court entered two orders in response. The first set a telephonic hearing on the Notice of Removal for June 10, 2019, at 10:00 a.m. [Doc. No. 90.] The second

found that the Notice of Removal had been improperly filed in this Court, and thus set a show cause hearing for the same date and time to determine whether the Notice of Removal should be stricken. [Doc. No. 91.]

### III. Argument

#### A. Standard of Law

Removal of claims related to bankruptcy cases is governed by 28 U.S.C. § 1452. Section 1452 provides that:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 if this title.

28 U.S.C. § 1452(a). The district court has original, but not exclusive, jurisdiction under section 1334 over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

Removal of a case from a state court to the bankruptcy court is effected by filing a notice of removal with the bankruptcy court and then filing a copy of the notice with the state court from which the case is to be removed. Fed. R. Bankr. P. 9027(a), (b). Removal is completed upon the filing of the copy of the notice of removal with the state court. Fed. R. Bankr. P. 9027(c); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986); *In re Hughes-Bechtol, Inc.*, Case No. 3-88-02492, 1989 WL 222726, at *10 (Bankr. S.D. Ohio Oct. 6, 1989); *see also In re Watson-Mahaney, Inc.*, 70 B.R. 578, 580, (Bankr. N.D. Ill. 1987); *In re Princess Louise Corp.*, 77 B.R. 766, 768 (Bankr. C.D. Cal. 1987). "The parties are then enjoined from proceeding any further in that court unless and until a remand is ordered by the bankruptcy court." *Princess Louise Corp.*, 77 B.R. at 768; Fed. R. Bankr. P. 9027(c) ("The parties shall proceed no further in that court unless and until the claim or cause of action is remanded."). This is because removal "divests the

state court of jurisdiction until the proceeding is remanded to the state court." *Hughes-Bechtol, Inc.*, 1989 WL 222726, at *10.

The removing party bears the burden of establishing its right to removal. *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). "[C]ourts construe removal statutes strictly with all doubts resolved in favor of remand...." *Meritage Homes Corp. v. JPMorgan Chase Bank, N.A.*, 474 B.R. 526, 556 (Bankr. S.D. Ohio 2012) (quoting *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 206 n. 12 (3d Cir. 2003) (internal quotation marks omitted). Thus, if this Court finds that the Notice of Removal was improperly filed, it has the authority to strike the Notice, though to ensure that the State Court has no doubts about its jurisdiction, it should couple the order to strike with an order remanding the removed case back to the State Court.

### B. Permissive Abstention is Justified Under the Circumstances

Section 1334(c)(1) allows a court to permissively abstain "from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). Federal courts apply a multi-factor test to determine when abstention is appropriate:

> (1) the effect or lack of effect on the efficient administration of the estate if a court abstains; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of this court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; and (13) any unusual or other significant factors.

*In re Duran*, 586 B.R. 7, 10-11 (Bankr. N.D. Ohio 2018) (Gustafson, J.) (citing cases in accord). "Although abstention is rarely exercised, federal courts should not be hesitant to decline to exercise jurisdiction when state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." *Id*. at 11. (internal quotations and citations omitted).

Many of these factors weigh in favor of abstention in this case, with perhaps factor (13) being the most significant. It certainly is "unusual" to remove a settled case from state to federal court, yet that is exactly what the State Court Plaintiffs wish to do. With regard to the Stipulated Order which encapsulated the settlement of the Foreclosure Action, the State Court Plaintiffs must either want this Court to enforce it (which the State Court could do just as easily) or overturn or modify it in some fashion, which would be impermissible under the *Rooker-Feldman* doctrine. *Hamilton v. Herr (In re Hamilton)*, 540 F.3d 367, 371 (6th Cir. 2008) (noting that "state-court losers" may not "'appeal' their state cases to a federal district court") (citations omitted). In any event, removal of a case that is settled is sufficiently unusual as to justify remand all on its own.

Factor (1) also weighs in favor of abstention because abstention would have little effect on the estate. The Foreclosure Action is stayed as to the Debtor, and abstention would not change that. Similarly, factor (12) also weighs in factor of abstention. The Debtor is not the only party in the Foreclosure Action. Rucci, for example, has had the Judgment entered against him. It does not make sense for this Court to take over the supervision of collection activities against him when the State Court is better suited to handle that task.

Other factors agree. Factor (2) favors remand because the Foreclosure Action involves only state law claims and does not involve bankruptcy issues. Factor (10) favors remand because

the State Court Plaintiffs appear to be shopping for a new forum after the Foreclosure Action did not go as they had hoped. Recall that the State Court Plaintiffs chose the State Court as their forum over thirteen months ago. The litigation began to go against them, though, causing them to settle the Foreclosure Action. They now seemingly wish to escape their chosen forum and relitigate their claims here.

The remaining factors are neutral or not relevant. For example, the law involved is not complicated or unsettled, rendering factor (3) neutral. Likewise, there will be no jury trial of a settled matter, rendering factor (11) irrelevant.

Because all relevant factors indicate remand is appropriate, Pender asks the Court to enter an order remanding the Foreclosure Action to the State Court.

### C. The Declaratory Judgment Act Also Favors Abstention

Furthermore, abstention is justified under the Declaratory Judgment Act. Many of the claims in the Foreclosure Action are ones for equitable relief. Under the Declaratory Judgment Act, the following factors are relevant to whether the court should exercise jurisdiction over the declaratory judgment claims:

1) whether the declaratory judgment would settle the controversy;
2) whether the declaratory judgment would serve to clarify the legal relations in issue;
3) whether the relief is being use for "procedural fencing" or "to provide an arena for *res judicata*;"
4) whether exercising jurisdiction would increase friction between the federal and state courts, or improperly encroach on jurisdiction of states; and
5) whether there is a better or more effective remedy available.

*Brooks v. Lehman Brothers Bank*, 2012 WL 488102 at *2-3 (N.D. Ohio February 14, 2012). Here, the very first factor cuts against retaining the Foreclosure Action because the matter has <u>already</u> been settled in the State Court. Because of the Stipulated Order and the Judgment, no actual controversy remains. Essentially, the only act remaining to be performed in the

Foreclosure Action is to enter judgment against the Debtor and CaliPARC, and actions against the Debtor are currently stayed by the automatic stay. Likewise, regarding the second factor, because the Foreclosure Action has been settled, there is nothing to left "clarify." In short, there is no reason for this Court to provide the declaratory relief originally sought by the State Court Plaintiffs because the settlement agreement and the Stipulated Order resolved such questions.

Thus, the Declaratory Judgment Act supports Pender's request for remand.

### D. Equitable Principles Favor Remand in This Case

The Foreclosure Action also should be remanded to State Court pursuant to section 1452(b). Section 1452(b) provides that a claim or cause of action removed under section 1452(a) may be remanded on any equitable ground. 28 U.S.C. § 1452(b). Similar to permissive abstention, federal courts apply a multi-factor balancing test to determine whether equitable remand is appropriate:

> (1) duplicative and uneconomical use of judicial resources in two forums, (2) prejudice to the involuntarily removed parties, (3) forum non conveniens, (4) the state court's ability to handle a suit involving questions of state law, (5) comity considerations, (6) lessened possibility of an inconsistent result and (7) the expertise of the court in which the matter was originally pending.

*In re Duran*, 586 B.R. at 13-14. Considerations of permissive abstention and equitable remand are substantially similar. *Id*. at 14.

For the reasons stated above, equitable remand is appropriate in this case. The State Court is intimately familiar with the Foreclosure Action and is undoubtedly qualified to enforce the terms of its own orders and judgments. This matter does not require the expertise of a bankruptcy court. Furthermore, removal forces Pender to attempt to enforce its State Court judgment against Rucci in this Court, which cannot enhance judicial economy. The State Court has already entered judgment against Rucci, individually, and the remaining claims against Debtor are stayed. Removal of the Foreclosure Action serves no purpose other than perhaps to frustrate Pender's

- 9 -

19-40267-jpg    Doc 94    FILED 06/03/19    ENTERED 06/03/19 12:40:44    Page 9 of 11

collection efforts against Rucci, a non-debtor party to the Foreclosure Action. As such, remand is appropriate.

**IV.     Conclusion**

WHEREFORE, Pender asks this Court to enter an order remanding the Foreclosure Action to the State Court, striking the Notice of Removal, and granting such other and further relief to which Pender may be justly entitled.

Dated:  June 3, 2019                                   Respectfully submitted,

*/s/ Nancy A. Valentine*
Nancy A. Valentine (0069503)
Miller Canfield Paddock & Stone, PLC
1100 Superior Avenue East, Suite 1750
Cleveland, Ohio 44114
(216) 716-5044 (company)
(216) 716-5043 (fax)
valentinen@millercanfield.com

and
Todd Holleman (0080070)
Ronald A. Spinner (Michigan P73198) (pro hac)
150 West Jefferson, Suite 2500
Detroit, MI  48226
Phone:  (313) 496-7668
Fax:  (313) 496-7500
holleman@millercanfield.com
spinner@millercanfield.com

*Attorneys for Pender Capital Asset Based Lending Fund I, L.P.* and *Pender Capital, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2019, a true and correct copy of the foregoing *Motion of Pender Capital Asset Based Lending Fund I, L.P. for Remand of Removed Case Number 2018-CV-01015 to Mahoning County Court, State of Ohio* was served upon the following in the manner indicated:

Via the Court's Electronic Case Filing System:

Jeffrey Kurz    jeffkurz@hotmail.com, dc1095dt@yahoo.com
•Sebastian Rucci    SebRucci@gmail.com
•Ronald A. Spinner    spinner@millercanfield.com
•United States Trustee    (Registered address)@usdoj.gov
•Nancy A. Valentine    valentinen@millercanfield.com, waldroup@millercanfield.com
•Joshua Ryan Vaughan    jvaughan@amer-collect.com, SAllman@AMER-COLLECT.COM;rschroeter@amer-collect.com;HouliECF@aol.com
•Richard G. Zellers    zellersesq@gmail.com
•Tiiara N. A. Patton ust401    tiiara.patton@usdoj.gov

Via email:
Richard G. Zellers zellersesq@gmail.com

And by First Class, U.S. Mail, postage prepaid, on the following:

Richard G. Zellers
3695 Boardman Canfield Road
Bldg. B, Suite 300
Canfield, Ohio 44406
Proposed Counsel for Debtors

> */s/ Nancy A. Valentine*
> Nancy A. Valentine (0069503)
> *One of the Attorneys for Pender Capital Asset*
> *Based Lending Fund I, L.P. and Pender Capital Inc.*

33715458.4\157569-00001