**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



John P. Gustafson
United States Bankruptcy Judge

**Dated: June 18 2019**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 19-40267-jpg |
| | ) | |
| California Palms, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge John P. Gustafson |
| | ) | |
| | ) | Property Address and Parcel No.: |
| | ) | Parcel No. 48-042-0-063.000 |
| | ) | 1051 N. Canfield Niles Rd., Austintown, |
| | ) | Ohio (aka 5455 Clarkins Drive, Austintown |
| | ) | Township, Ohio) |

### ORDER DISMISSING BANKRUPTCY CASE

This matter came before the Court on the *Joint Motion for (A) Approval of Compromise and, Thereafter, (B) Dismissal of Bankruptcy Case* ("Motion");[1] proper and sufficient notice of this Motion has been given under Fed. R. Bankr. P. 2002(a)(4) and 1017(a)(1) ("Bankruptcy Rules"), and no further notice is necessary or appropriate; the Court having found, based on the Motion, the docket entries in this case, the absence of any objections, and otherwise, that (a) the

---

[1] Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

disputes among the parties to the Settlement Agreement attached to the Motion are best resolved in accordance with the Settlement Agreement, including the provision set forth herein limiting and conditioning the filing of a subsequent bankruptcy petition, rather than by continuing the case under title 11 of the United States Code ("Bankruptcy Code") or converting the case to a case under chapter 7 of the Bankruptcy Code; (b) the interests of creditors would be better served by dismissal of the case under sections 305(a)(1) and 1112(b)(1) with the effects of section 305(c) and, except to the extent ordered otherwise herein, section 349 of the Bankruptcy Code; (c) sufficient "cause" exists within the meaning of section 1112 of the Bankruptcy Code for granting the relief herein; and (d) Pender Capital Asset Based Lending Fund I, L.P. ("Pender") and Debtor each consents to the relief granted herein; and the Court being otherwise advised in the premises;

**IT IS HEREBY ORDERED** that:

1. This bankruptcy case ("Bankruptcy Case") is hereby dismissed pursuant to sections 1112(b)(1) and 305(a)(1) of the Bankruptcy Code, effective immediately upon the entry of this Order, with the effects described therein and in section 349 of the Bankruptcy Code, and subject to the other provisions of this Order.

2. All orders entered in the Bankruptcy Case ("Bankruptcy Orders") shall survive the dismissal of the Bankruptcy Case and shall continue in full force and effect. All findings of fact and conclusions of law set forth in those Bankruptcy Orders shall constitute res judicata, issue preclusion, and collateral estoppel in any other case or proceeding.

3. Notwithstanding any Bankruptcy Orders, the automatic stay and any other injunction that may be in effect shall terminate pursuant to section 362(c) of the Bankruptcy Code and otherwise, and shall not be re-imposed, and any property of the estate shall no longer

constitute property of the estate under section 541 of the Bankruptcy Code or otherwise, and shall revest in Debtor subject to all liens (as defined in the Bankruptcy Code), including the liens of Pender in the Real Estate, upon entry of this Order.

4. Debtor, each of the other Rucci Parties (as defined in the Settlement Agreement), and any successor thereto or assignee thereof is enjoined and shall not file, cause to be filed, or aid or assist in the filing of, a subsequent petition for entry of an order for relief under the Bankruptcy Code, without the prior written consent of Pender, at any time before the earlier of (a) June 22, 2020 (unless a receiver has been appointed in the Foreclosure Action before that date, in which case the injunction set forth in this paragraph 4 shall continue and remain in effect until the later of (i) June 22, 2020 and (ii) the date on which the receivership in the Foreclosure Action is terminated and dissolved) and (b) the date on which the Collateral Releases, as that term is defined in paragraph 11 of the Settlement Agreement, are recorded. If, despite this injunction, a subsequent petition for an order for relief under the Bankruptcy Code is filed by Debtor, any of the other Rucci Parties, or any successor thereto or assignee thereof affiliated with, related to or controlled by any of the Rucci Parties, or any person or entity that is affiliated with, related to or controlled by any of the Rucci Parties which acquires an interest in the Real Estate in breach of paragraph 5 of this Order, Pender (or its successor or assign) shall be entitled to immediate termination of the automatic stay (and any such other injunction that may be in effect) in order to enforce its rights and remedies under the Settlement Agreement and against the Real Estate.

5. Debtor is enjoined and shall not sell, transfer, encumber, or otherwise alienate the Real Estate or any interest in the Real Estate unless the Collateral Releases have been recorded or Pender has provided Debtor with Pender's prior written consent.

6. The obligation to pay U.S. Trustee quarterly fees during the pendency of this case is not affected by the dismissal of this case. The Debtor shall provide all quarterly reports due within 14 days after entry of this Order, and pay any fees due to the United States Trustee pursuant to 28 U.S.C. § 1930, to the extent not already paid, within seven days thereafter.

7. The Court shall retain jurisdiction for the enforcement and interpretation of this Order, and all matters set forth in this Order.

8. This Order shall become effective immediately after the Order Approving Compromise becomes effective.

# # #

**ACKNOWLEDGED AND AGREED TO BY:**

*/s/ Nancy A. Valentine*
Nancy A. Valentine (0069503)
Miller Canfield Paddock & Stone, PLC
1100 Superior Avenue East, Suite 1750
Cleveland, Ohio 44114
(216) 716-5044 (company)
(216) 716-5043 (fax)
valentinen@millercanfield.com

and

Todd Holleman (0080070)
Ronald A. Spinner (Michigan P73198) (pro hac)
150 West Jefferson, Suite 2500
Detroit, MI 48226
Phone: (313) 496-7668
Fax: (313) 496-7500
holleman@millercanfield.com
spinner@millercanfield.com

*Attorneys for Pender Capital Asset Based Lending Fund I, L.P.* and *Pender Capital, Inc.*

*/s/ Richard G. Zellers*
Richard G. Zellers (0011764)
Richard G. Zellers & Associates
3695 Boardman-Canfield Road
Bldg. B, Suite 300
Canfield, OH 44406
(330) 702-0780
Fax : (330) 702-0788
Email: zellersesq@gmail.com

*Attorneys for Debtor*

# INSTRUCTIONS TO THE CLERK

Please serve the foregoing Order upon the parties listed below, as indicated:

<u>Via the Court's Electronic Case Filing System:</u>

Jeffrey Kurz    jeffkurz@hotmail.com, dc1095dt@yahoo.com
Sebastian Rucci    SebRucci@gmail.com
Ronald A. Spinner    spinner@millercanfield.com
United States Trustee    (Registered address)@usdoj.gov
Nancy A. Valentine    valentinen@millercanfield.com, waldroup@millercanfield.com
Joshua Ryan Vaughan    jvaughan@amer-collect.com, SAllman@AMER-COLLECT.COM;rschroeter@amer-collect.com;HouliECF@aol.com
Richard G. Zellers    zellersesq@gmail.com
Tiiara N. A. Patton ust401    tiiara.patton@usdoj.gov

and by first-class, U.S. mail, postage prepaid, on the following as listed on the Debtor's list of its 20 largest unsecured claims:

| | | |
|---|---|---|
| Hypercore<br>P.O. Box 840964<br>Dallas, TX 75284-0964 | Law Office of Jeff Kurz<br>42 N. Phelps Street<br>Youngstown, OH 44503-1130 | Vonage Business<br>3200 Windy Hill Rd, St 200<br>East Atlanta, GA 30339-5640 |
| AT&T<br>P.O. Box 5019<br>Carol Stream, IL 60197-5019 | Law Off Robert Schuerger<br>81 S. 5th Street, Suite 400<br>Columbus, OH 43215-4323 | Ohio Edison<br>76 S. Main Street<br>Akron, OH 44308-1817 |
| Youngstown Water Dept.<br>P.O. Box 6219<br>Youngstown, OH 44501-6219 | Dominion Energy<br>P.O. Box 26785<br>Richmond, VA 23261-6785 | Law Office of James Vitullo<br>5232 Nashua Drive<br>Austintown, OH 44515-5122 |
| Ohio Bureau of Workers' Compensation<br>Legal Division/Bankruptcy Unit<br>PO Box 15567<br>Columbus, OH 43215-0567 | Ohio Edison<br>5001 NASA Blvd<br>Fairmont WV 26554 | Daniel R. Yemma<br>Mahoning County Treasurer<br>120 Market Street<br>1st Floor<br>Youngstown, OH 44503 |
| Ohio Department of Taxation<br>Bankruptcy Division<br>P.O. Box 530<br>Columbus, OH 43216 | | |

33809959.3\157569-00001